UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SONNY JAMES GUBBINE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHARLIE POPE, *et al*.,<br><br>　　　　　　　　　Defendants. | 3:16-cv-00488-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (ECF No. 20). Plaintiff opposed, (ECF No. 23), and defendants replied. (ECF No. 25.) Having thoroughly reviewed the record, the court hereby recommends that the motion for summary judgment be granted.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Sonny James Gubbine ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently incarcerated at the Lovelock Correctional Center ("LCC") in Lovelock, Nevada. Plaintiff brings a Fourteenth Amendment due process claim and a conspiracy claim against LCC and NDOC officials. Plaintiff sues NDOC Director James Dzurenda ("Dzurenda"), LCC Associate Warden Tara Carpenter ("Carpenter"), Correctional Sergeant Starlin Gentry ("Gentry"), Senior Correctional Officer Paul Malay ("Malay"), and Correctional Officer Charlie Pope ("Pope"). (ECF No. 8; *see* ECF No. 20 at 1–2.)

According to plaintiff's amended complaint, the events giving rise to his claims are as follows. Plaintiff receives the common fare meal diet ("CFM") to conform to his beliefs as a Messianic Jew. (*Id.* at 4.) On January 13, 2016, plaintiff received a notice of charges ("NOC") from Pope. (*Id.*) Pope charged that plaintiff had taken a mainline dinner tray instead of a

1  CFM. (*Id.*) Pope charged plaintiff with a general-14 ("G-14"), as set forth in Administrative
2  Regulation ("AR") 707, for failure to follow rules and regulations. (*Id.*) However, NDOC AR
3  814 governs CFMs, and nothing in AR 814 provided that a prisoner would be served with a
4  NOC for failing to accept a CFM. (*Id.*) Instead, AR 814 provided that, if a CFM was violated,
5  prison officials would have the right to question that inmate's sincerity of the need for a CFM
6  through a process outlined in AR 814. (*Id.*) According to plaintiff, Pope knew that he could not
7  file charges against plaintiff for taking a mainline dinner tray in place of a CFM. (*Id.*)

8  On January 18, 2016, plaintiff had a preliminary hearing on the NOC with Malay. (*Id.*
9  at 5.) At the hearing, plaintiff argued that he could not be charged under AR 707 for failure to
10 follow rules and regulations for eating a mainline dinner because nothing in AR 814 permitted
11 this charge. (*Id.*) Plaintiff asked Malay to dismiss the charges. (*Id.*) Instead of dismissing the
12 charge, Malay forwarded the matter for a disciplinary hearing. (*Id.*) On February 11, 2016,
13 plaintiff had a disciplinary hearing with Gentry. (*Id.*) Gentry found plaintiff guilty of the G-14
14 under AR 707. (*Id.*) As a result, plaintiff was reduced in NDOC's level system from a level one
15 inmate to a level two inmate and lost multiple privileges. (*Id.* at 7.) Plaintiff filed an appeal
16 with Carpenter, but she denied plaintiff's grievance. (*Id.*) Plaintiff filed an appeal with
17 Dzurenda but he also denied plaintiff's grievance. (*Id.* at 7-8.)

18 The court screened plaintiff's complaint, and allowed plaintiff to proceed on two counts.
19 (ECF No. 7.) In Count I, plaintiff alleges plaintiff alleges Fourteenth Amendment due process
20 violations. (*Id.* at 12.) In Count II, plaintiff alleges conspiracy pursuant to 42 U.S.C. § 1985(3).
21 (*Id.* at 16.) Defendants filed a motion for summary judgment. (ECF No. 20.) Plaintiff opposed,
22 (ECF No. 23), and defendants replied. (ECF No. 25.) This recommended disposition follows.

23                      **II.    LEGAL STANDARD**

24 Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n*
25 *v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary
26 judgment when the record demonstrates that "there is no genuine issue as to any material fact
27 and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.
28 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes

over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*,

477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III.   DISCUSSION

**A.   Civil Rights Claims Under § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

**B.   Count I: Fourteenth Amendment Due Process Claim**

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving individuals of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Courts analyze procedural due process claims in two parts. First, the court must determine whether the plaintiff possessed a protected interest. *Wilkinson v. Austin*, 545 U.S. 209, 221

4

(2005). If so, the court compares the required level of process with the procedures the defendant observed. *Brown v. Ore. Dep't of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014). To prevail on a claim, plaintiff must have a protected liberty interest, and the defendant's procedures must be constitutionally inadequate. *Id.*

### 1. Liberty Interests Protected Under Due Process Clause

To invoke the procedural protections of due process, a plaintiff must first identify the protected liberty interest that is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Liberty interests may arise from the Constitution or from an expectation created by state statutes and prison regulations. *Id.*; *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997). In the prison setting, a liberty interest arises from the Constitution when the conditions of confinement "exceed[] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . ." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, the Due Process Clause contains no embedded right of an inmate to remaining in a prison's general population. *Id.* at 483; *Harris v. Meulemans*, 389 F.Supp.2d 438 (D. Conn. 2005) (liberty interest to be free from disciplinary segregation or other restraint does not inhere in the Due Process Clause, but such liberty interest may be created by statute).

A liberty interest created by the state is generally limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* In *Sandin*, the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardships caused by the prison's challenged action relative to 'the basic conditions of life as a prisoner.'" *Mitchell v. Dupnik,* 75 F.3d 517, 522 (9th Cir. 1996) (quoting *Sandin,* 515 U.S. at 485). When conducting an analysis under *Sandin,* the court should look to whether the conditions of confinement are similar to other discretionary forms of confinement, whether the conditions will affect the length of the prisoner's sentence, and the duration of those conditions. *See Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.1996). As a guiding principle, "federal courts should be

circumspect when asked to intervene in the operation of state prisons." *See Pratt v. Rowland,* 65 F.3d 802, 807 (9th Cir.1995) (discussing the deferential standard applied in *Sandin*).

### 2.  Procedural Requirements for Prison Disciplinary Proceedings

When a prisoner faces disciplinary charges that put a liberty interest at stake, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

### 3.  Whether Plaintiff Possessed a Protected Liberty Interest

Defendants argue that plaintiff has not identified a liberty interest that invokes the procedural protections of the due process clause. (ECF No. 20 at 11.) Plaintiff appears to assert he has a liberty interest at stake because he has a right to be free from the hardships that result from level reduction in NDOC's level system. (ECF No. 23 at 11–14.) However, plaintiff's opposition brief does not identify the hardships he faces as a result of his reduction from level one to level two, and only in his complaint does plaintiff state that the level reduction caused a "loss of privileges." (ECF No. 8 at 7.) In arguing against the existence of a liberty interest, defendants explain that plaintiff's level reduction partially restricts plaintiff's access to the yard, the chapel, and educational opportunities. (ECF No. 20 at 11.) Plaintiff also loses access to the gym and cannot secure a paying jobs until he is restored to level one. *Id.*

As defendants correctly point out, plaintiff provides insufficient factual detail of his lost "privileges" for a reasonable jury to determine whether defendants "impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 485. Summary judgment on this basis alone is proper. *Nissan Fire*, 210 F.3d at 1102. Even taking the privileges defendants have listed into consideration, the court is unable to conclude that a liberty interest is at stake. Level two classification is temporary and does not increase plaintiff's sentence. (*See* Def. Exh. H); *Keenan*, 83 F.3d at 1089 (relevant factors for

finding liberty interest include duration of penalty and effect on duration of sentence). Moreover, the temporary deprivation of level one privileges does not impose atypical and significant hardships on plaintiff that "work a major disruption of his environment" as envisioned by the *Sandin* court. *Sandin*, 515 U.S. 486. Rather, defendants provide evidence that level two inmates are still housed in general population, and retain limited access to outdoor exercise, the chapel, educational opportunities, and non-paying work. (ECF No. 20 at 12.) Plaintiff's due process claim fails because plaintiff has failed to establish that defendants infringed on a protected liberty interest. *See Myron v. Terhune*, 476 F.3d 716 (9th Cir. 2007) (plaintiff's failure to allege facts establishing a liberty interest under *Sandin* properly resulted in dismissal). A finding that NDOC's level system does not create a liberty interest conforms with previous decisions in this district. *See, e.g.*, *Ratliff v. Skolnik*, No. 3:07-CV-219, 2008 WL 187923, at *10 (D. Nev. Jan. 18, 2008); *Hadley v. McDaniel*, No. 3:07-CV-0529-LRH-VPC, 2010 WL 2802182, at *4 (D. Nev. July 14, 2010) (no liberty interest in NDOC educational or vocational prison programs).

**4.  Whether Defendants' Procedures Were Constitutionally Inadequate**

Defendants contend that, even assuming a liberty interest existed, they provided plaintiff with adequate due process to pass constitutional muster. (ECF No. 20 at 11–13.) Plaintiff does not dispute that he was provided adequate notice, an opportunity to present evidence and call a witness, nor does he argue that charges were complex or that he was illiterate. *See Wolff*, 418 U.S. at 563. Instead, the thrust of plaintiff's argument is that defendants violated his due process rights by finding him guilty for violating a rule that did not apply to him. (ECF No. 23 at 7–8.)

Plaintiff's claim fails as a matter of law. A prison's failure to follow its own procedure does not violate the due process clause so long as the minimal protections outlined in *Wolff* have been provided. *Id.*; *James v. Rowlands*, 606 F.3d 646, 658 (2010). As plaintiff has conceded this point, the court need not consider whether the prison complied with its own regulations in finding plaintiff guilty under AR 707.02.4 for taking food outside of the CFM diet. (ECF No. 23 at 7–8.) Simply put, plaintiff received constitutionally adequate process before being reduced to level two under *Wolff*. 418 U.S. at 563-70. He was given the opportunity to voice his interpretation of the administrative regulations not only at the preliminary hearing and formal hearing, but also

7

1  through the grievance process. (ECF No. 20 at 5); *see Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (basic requirement of due process of the right to notice and an opportunity to be hears "at a meaningful time and in a meaningful manner.") Whether or not NDOC officials correctly applied their regulations is an issue the court will not review in the absence of a constitutional or statutory basis for doing so. *See* 28 U.S.C. § 1331 (2012). The court recommends that defendants' motion for summary judgment be granted as to plaintiff's Count I Fourteenth Amendment due process claim.

### C.  Count II: Conspiracy Claim

To establish a conspiracy claim under § 1985(3), a plaintiff must demonstrate: (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

Plaintiff's conspiracy claim relies on the argument that charging plaintiff under AR 707 for taking food outside of his CFM was a violation of his rights. (*See* ECF No. 23 at 2.) Because the court has determined this not to be a violation of the Constitution, plaintiff is unable to establish that defendants' actions caused a Constitutional injury sufficient to support plaintiff's conspiracy claim. *See Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1141 (9th Cir. 2000) (actionable conspiracy claim under 42 U.S.C. 1985(3) requires a "resulting injury"). Accordingly, the court recommends that defendants' motion for summary judgment be granted as to plaintiff's Count II conspiracy claim. *Nissan Fire*, 210 F.3d 1099 (summary judgment is proper when the defendant "negates an essential element of the nonmoving party's claim" that the plaintiff fails to rebut).

### D.  Qualified Immunity

Finally, defendants argue that qualified immunity shields them from liability. (ECF No. 78 at 17–19.) Having found that summary judgment is proper as to plaintiff's due process and conspiracy claims, the court need not determine whether defendants are entitled to qualified

8

immunity.

## IV.   CONCLUSION

For the reasons stated herein, the court finds that defendants are entitled to judgment as a matter of law. Accordingly, the court recommends that defendants' motion for summary judgment be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (ECF No. 20) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: January 17, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**