UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SONNY JAMES GUBBINE,

                        Plaintiff,

    v.

CHARLIE POPE, *et al.*,

                        Defendants.

Case No. 3:16-cv-00488-MMD-VPC

ORDER

## I. SUMMARY

Before the Court is the Report and Recommendation ("Recommendation" or "R&R") of Magistrate Judge Valerie P. Cooke, recommending that the Court grant Defendants' Motion for Summary Judgment ("Motion") (ECF No. 20). (ECF No. 26.) Plaintiff filed an objection (ECF No. 27); Defendants responded to Plaintiff's objection (ECF No. 28). For the reasons discussed below, the Court adopts the R&R.

## II. RELEVANT BACKGROUND

Following screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on two counts—Counts III and IV[1]—for Due Process Clause violations and for conspiracy. (ECF No. 7 at 7-8; ECF No. 8 at 12-17.) The background facts relating to Plaintiff's claims are recounted in the R&R which this Court adopts. (ECF No. 26 at 1-2.)

---

[1] The R&R incorrectly refers to these two counts as Counts I and II. (ECF No. 26 at 2.)

## III. LEGAL STANDARDS

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Plaintiff objects in part to the R&R.[2] The will therefore conduct a *de novo* review to determine whether to adopt the parts of the R&R to which Plaintiff objects.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

---

[2]For example, Plaintiff's objection incorporates some portions of the R&R. (ECF No. 27 at 2-3.)

pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

## IV. DISCUSSION

The Magistrate Judge found that Plaintiff's claimed loss of "multiple privileges" as a result of the reduction in his classification from level one to level two in NDOC's level system does not amount to a liberty interest to support Plaintiff's Due Process Clause claim. (ECF No. 26 at 7-8; ECF No. 8 at 7.) Plaintiff argues that he has a liberty interest in the NDOC complying with prison regulations and he did suffer a loss of privileges given the comfort of his prior life before the level reduction.[3] (ECF No. 27 at 7-8.) The Court agrees with the Magistrate Judge.

As the Magistrate Judge correctly found, Plaintiff fails to offer any evidence, let alone states with any details, of the "multiple privileges" that he forfeited as a result of the one level reduction. (ECF No. 26 at 6.) Plaintiff's objection asserts that "Plaintiff's prior life was about as comfortable as possible in prison." (ECF No. 27 at 8.) However, such general assertion does not identify what privileges were lost that amount to a deprivation of a liberty interest. The Court agrees with the Magistrate Judge that even considering the privileges that Defendants have identified—partial restriction in access to the yard, the chapel and educational opportunities, hobby and craft privileges, and lost access to the gym and the ability to securing a paying job (ECF No. 20 at 11)—they do not amount to a "major disruption in his environment" to satisfy the second prong of the three factors test under *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995).

The Magistrate Judge found that Plaintiff cannot satisfy an essential element of his conspiracy claim—that the alleged conspiracy deprived him of his constitutional rights. (ECF No. 26 at 8.) Plaintiff contends that the Magistrate Judge disregarded the essential

///

---

[3] Plaintiff also asserts that he and NDOC had a contract. (ECF No. 27 at 8-9.) A violation of any purported contract may give rise to a claim for breach of that contract, but without more, would not give rise to deprivation of a liberty interest. Plaintiff's objection also asserts that he has a right to practice his religion under the First Amendment. (*Id.* at 5.) However, the Court did not permit this claim—that Plaintiff was punished for not taking a kosher meal—to proceed after screening. (ECF No. 7 at 5.) In particular, the Court found that "Plaintiff was not attempting to practice his religion when Pope wrote him up for foregoing his religious CFM for a mainline dinner." (*Id.*)

4

elements of his conspiracy claim and his contention of his contract with NDOC. Again, the Court agrees with the Magistrate Judge.

The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

Plaintiff's conspiracy claim alleges that charging Plaintiff for foregoing his religious CFM violated his constitutional rights. (ECF No. 23 at 2.) However, because the Court has determined that such action did not violate Plaintiff's First Amendment rights, the Magistrate Judge correctly concluded that Plaintiff cannot show that Defendants' conduct deprived Plaintiff of his constitutional rights. (ECF No. 26 at 8, citing *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000).)

As for Plaintiff's contention that he had a contract with NDOC, such a contractual obligation does not give rise to a constitutional right to support Plaintiff's conspiracy claim.

## V.     CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 26) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 20) is granted.

It is further ordered that the Clerk enter judgment and close this case.

DATED THIS 6th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5